**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **MARK DAVENPORT, #N-80706** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| ) | |
| **vs.** ) | **Case No. 12-cv-980-GPM** |
| ) | |
| **BART LIND, K. DEEN,** ) | |
| **LT. BRADLEY,** ) | |
| **RANDY DAVIS,** ) | |
| **BRETT KLINDWORTH,** ) | |
| **and MARCUS A. MYERS,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff, currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"), brings this *pro se* civil rights action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff is serving an 80 year sentence for murder and a 30 year sentence for armed robbery. Plaintiff alleges that, after being repeatedly threatened by his cell mate, he filed grievances with internal affairs and never received any response to these grievances (Doc. 1). Plaintiff then filed an emergency grievance, in which he included language threatening to murder his cell mate, citing his cellmate's name and I.D. number (Doc. 1). He was subsequently placed in disciplinary segregation and subject to a disciplinary review hearing. (Doc. 1).

Plaintiff alleges that Defendant Davis, the Warden of Pinckneyville, and Defendant Deen, the prison grievance officer, failed to address his grievances and also retaliated against Plaintiff by placing him in disciplinary segregation. (Doc. 1). Plaintiff alleges that Defendant Bradley promised Plaintiff qualified immunity from discipline, but then ignored this promise and

1

encouraged Defendant Lind to retaliate against him for filing grievances (Doc. 1).  Plaintiff also claims that the disciplinary review hearing he received as a result of his threat to murder his cell mate was inadequate and violated his Due Process rights.  He alleges that Defendant Myer's actions in conducting the disciplinary hearing and Defendant Klindworth's actions in sustaining the hearing violated his due process rights because he received a "hollow and sham review" (Doc. 1).

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint.  The claims against Defendant Deen and Defendant Davis for failing to respond to Plaintiff's grievances are dismissed on initial review because it has long been established that there is no substantive due process right to have a grievance heard or ruled upon by prison officials, or that the grievance procedure be effective.  "With respect to the Due Process Clause, any right to a grievance procedure is a procedural right, not a substantive one. [citations omitted] Accordingly, a state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause."  *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *see also Grieveson v. Anderson*, 538 F.3d 763, 772 (7th Cir. 2008).  Accordingly, this claim asserted against Defendant Deen and Defendant Davis is **DISMISSED with prejudice**.

Next, Plaintiff alleges that Defendants Bradley, Lind, Deen, and Davis retaliated against Plaintiff for filing grievances by placing him in segregation.  A claim for retaliation requires the retaliation to be done in response to Plaintiff's exercise of a constitutionally protected freedom. *See McDonald v. Hall*, 610 F.2d 16 (7th Cir. 1979).  A prisoner can state a claim for retaliatory treatment by alleging a chronology of events from which retaliation can be inferred.  *See Johnson v. Stovall*, 233 F.3d 486, 489 (7th Cir. 2000).  Here, the events that Plaintiff has alleged took place do not lead the Court to believe that Plaintiff was placed in segregation as retaliation

for writing grievances.  Rather, it seems more likely that Plaintiff was placed in segregation because he threatened to murder his cell mate.  Plaintiff is a convicted murderer serving an enhanced sentence.  Plaintiff states in his complaint that Defendant Bradley told him "when you start saying you're going to murder your cellie I got to put you in seg (confinement)" (Doc. 1).  Plaintiff has not asserted any facts that show that the actions taken by the institution after he made this threat were not undertaken for the safety of the institution or for legitimate correctional goals.  Accordingly, this claim asserted against Defendants Bradley, Lind, Deen and Davis is **DISMISSED with prejudice**.

Further, the claims against Defendants Bradley and Lind for violating Plantiff's alleged qualified immunity are dismissed on initial review because Plaintiff does not enjoy any type of qualified immunity that would protect him from disciplinary segregation.  Accordingly, this claim asserted against Defendants Bradley and Lind is **DISMISSED with prejudice**.

Lastly, Plaintiff's claim against Defendants Klindworth and Myers alleging that the disciplinary review hearing violated Plaintiff's Due Process rights is also dismissed on initial review.

> Prison disciplinary hearings satisfy procedural due process requirements where an inmate is provided: (1) written notice of the charge against the prisoner twenty four (24) hours prior to the hearing; (2) the right to appear in person before an impartial body; (3) the right to call witnesses and to present physical/documentary evidence, but only when doing so will not unduly jeopardize the safety of the institution or correctional goals; and (4) a written statement of the reasons for the action taken against the prisoner. *See Wolff v. McDonnell*, 418 U.S. 539, 563-69 (1974); *Cain v. Lane*, 857 F.2d 1139, 1145 (7th Cir. 1988).

On August 31, 2011, Plaintiff was served with disciplinary charges for threats and intimidation.  He then received a disciplinary hearing on September 5, 2011.  While he alleges that this was a "hollow and sham" review, Plaintiff simply does not plead that he was denied any

of the due process protections outlined above.   Accordingly, this claim asserted against Defendants Klindworth and Myers is **DISMISSED with prejudice**.

**Pending Motions**

Plaintiff has filed a "Motion for Service of Process at Government Expense" (Doc. 3) and a "Motion to Appoint Counsel" (Doc. 4).  In light of the foregoing, Plaintiff's pending motions shall be **DENIED as moot** (Doc. 3, 4).

**Disposition**

The entire case and Defendants Lind, Deen, Bradley, Davis, Klindworth and Myers shall be **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted.

Plaintiff is advised that this dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).  Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

The Clerk shall **CLOSE THIS CASE.**

**IT IS SO ORDERED.**

DATED: November 13, 2012

s/_____
G. PATRICK MURPHY
United States District Judge